# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEBASTIAN ASENSEH, individually and for all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STRATEGIC DELIVERY SERVICES, LLC,<br><br>Defendant. | Case No. 1:24-cv-10997 |

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Strategic Delivery Solutions, LLC (SDS) (misnamed in Plaintiff's Class Action Complaint as "Strategic Delivery Services, LLC"), hereby removes this case from the Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts. In support of this removal, SDS states the following:

**1.** **The action**. Plaintiff, Sebastian Asenseh, filed his Class Action Complaint, captioned *Sebastian Asenseh v. Strategic Delivery Services, LLC*, Case No. 2484CV00519G (the Complaint), in the Superior Court of the Commonwealth of Massachusetts, on February 23, 2024. The Complaint asserts three causes of action under Massachusetts law: (1) independent contractor misclassification; (2) failure to pay wages; and (3) reimbursement of transportation expenses. Plaintiff seeks to represent a class of "all individuals who have personally performed healthcare delivery services for SDS in Massachusetts during the statutory period applicable to this action." Compl. ¶ 2.

Copies of all the pleadings and papers filed in the Superior Court of the Commonwealth of Massachusetts of which SDS is aware are attached as **Exhibit A.**

**2.** **Statutory grounds for removal.** This action is removable under 28 U.S.C. § 1441(a). Section 1441(a) provides for the removal of state court civil actions over which U.S. District Courts

have original jurisdiction. As is explained in greater detail below, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(d)(2)(A) because this is a class action in which the proposed class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and Plaintiff is a citizen of a state different from SDS.

### a. The Parties satisfy Section 1332(d)'s minimal diversity requirement.

Upon information and belief, Plaintiff is a citizen of the State of Massachusetts. *See, e.g.*, *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (holding removing defendant properly alleged based on information and belief that plaintiff was a California citizen, where plaintiff alleged California residency in complaint), *cert. denied*, 140 S. Ct. 2566 (2020); *Kosieradzki v. Eversource Serv. Energy Co.*, No. 3:20-CV-01338 (VLB), 2021 WL 1227571, at *7 (D. Conn. Apr. 1, 2021); *see also* Compl. ¶ 5 (asserting Plaintiff is a resident of Massachusetts).

SDS is a New York corporation, and its principal place of business is in New Jersey. Compl. ¶ 5; **Exhibit B** - Declaration of SDS Vice President of Financial Operations Tamera Dyer (*Dyer Decl.*) ¶ 2. For purposes of CAFA, SDS is therefore both a citizen of New York and New Jersey. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("'[P]rincipal place of business' is . . . the place where the corporation maintains its headquarters–provided that the headquarters is the actual center of direction, control, and coordination.").

Because Plaintiff is a citizen of a different state than SDS, the minimal diversity requirement of 28 U.S.C. §1332(d)(2) is met.

**b.     This is a class action, and the number of putative class members exceeds 100.**

The Class Action Fairness Act (CAFA) defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This case is a class action under CAFA because Plaintiff seeks class certification under Massachusetts Rule of Civil Procedure 23, which authorizes representative actions. Compl. ¶ 2; 28 U.S.C. § 1332(d)(1)(B). Plaintiff seeks to represent a class of "all individuals who have personally performed healthcare delivery services for SDS in Massachusetts during the statutory period applicable to this action." Compl. ¶ 2.

To meet its customers' needs, SDS contracts with thousands of business entities who, through individual courier drivers, perform delivery services throughout the country. *Dyer Decl.* ¶ 3. SDS maintains records of when and where the deliveries are made along with the mileage associated with the vast majority of those deliveries. *Id.* ¶ 4. SDS's records indicate that at least 164 individuals fall within Plaintiff's class definition; these individuals performed at least one delivery in Massachusetts for SDS's pharmaceutical customers between February 14, 2021 and February 14, 2024. *Id.* ¶ 5. The aggregate number of the proposed class therefore exceeds the requirement of 28 U.S.C. § 1332(d)(5)(B).

**c.     The amount in controversy exceeds $5,000,000.**

Although SDS denies all of Plaintiff's material allegations, Plaintiff's Complaint places more than $5,000,000—the jurisdictional threshold under 28 U.S.C. § 1332(d)—in controversy. Plaintiff alleges, in his Third Cause of Action, that SDS failed to reimburse all wages due by requiring couriers to "pay all costs and expenses associated with their work-related travel, i.e., the use of their personal vehicles in performing delivery services for SDS." Compl. ¶¶ 68-71. As the remedy, he requests

"restitution at the annual IRS reimbursement rate for all miles driven in connection with their work for SDS" and "treble damages." *Id.* ¶ 73(e)-(f). The Massachusetts Wage Act, M.G.L. c. 149, § 148, provides that every person having employees shall pay those employees all their wages earned. Under the Massachusetts minimum wage regulations, 454 CMR 8 27.04(4)(d), "[a]n employee required or directed to travel from one place to another after the beginning of or before the close of the work day shall be compensated for all travel time and shall be reimbursed for all transportation expenses." This claim has a three-year statute of limitations. M.G.L. c. 149, § 150.

SDS's records indicate that 164 individuals performed delivery services for SDS's customers within the three years preceding the Massachusetts Attorney General's authorization to Plaintiff to file this action for himself and "on behalf of other similarly situated workers" (since February 14, 2021). Compl. ¶ 61; *Dyer Decl.* ¶ 5. SDS has mileage information for more than 98% of the deliveries performed during this period. *Dyer Decl.* ¶ 6. Taking that information and applying the applicable IRS reimbursement rates, Plaintiff's fifth cause of action places a total of at least **$15,232,011.39** in damages in controversy ($5,077,337.13 x 3 for treble damages). *Id.* ¶ 7. Therefore, the total amount in controversy is greater than the threshold required for removal under 28 U.S.C. § 1332(a) and (d)(2), even without inclusion of the remaining claims that Plaintiff asserts against SDS. The jurisdictional threshold is thus met in this case.

3.    **<u>Timeliness of Removal.</u>** Under 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days of receiving a copy of the complaint only if the case stated by the initial pleading is removable; if not, the notice of removal must be filed within 30 days after a defendant receives "a copy of an amended pleadings, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). The deadline for removal has not begun to run where, as here, the Complaint does not "explicitly specif[y] the amount of

monetary damages sought or set[] forth facts from which an amount in controversy in excess of $5 million can be readily ascertained." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 76 (1st Cir. 2014). Here, the Complaint did not allege an amount-in-controversy, and SDS has not received a post-complaint pleading or other paper that affirmatively and unambiguously specified a damages amount sufficient to satisfy the federal jurisdictional minimum. Therefore, the deadline to file the notice of removal has not passed, and this Notice is timely.

4.  **Notice of Removal to Adverse Parties and to State Court Clerk.** Pursuant to 28 U.S.C. § 1446(d), SDS will give written notice of this removal to Plaintiff and to the Clerk of the Superior Court of the Commonwealth of Massachusetts. Specifically, promptly after filing this Notice of Removal, SDS will send to Plaintiff and will file with the Clerk of the Superior Court of the Commonwealth of Massachusetts, a Notice of Removal to Adverse Parties and State Court Clerk, a true and correct copy of which is attached as **Exhibit C.**

5.  **No waiver.** By filing this Notice of Removal, SDS does not waive any available defenses.

WHEREFORE, SDS respectfully removes this case to this Court.

Dated: April 16, 2024                            Respectfully submitted,

                                                 */s/ Daniel R. Sonneborn*
                                                 Daniel R. Sonneborn, BBO #679229
                                                 PRETI FLAHERTY BELIVEAU AND PACHIOS, LLP
                                                 60 State Street, Suite 1100, Boston, MA 02109
                                                 Phone: 617-226-3852
                                                 dsonneborn@preti.com

                                                 *Attorney for Defendant,*
                                                 *Strategic Delivery Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following on April 16, 2024:

Brant Casavant, BBO #672614
FAIR WORK P.C.
192 South Street, Suite 450
Boston, MA 02111
brant@fairworklaw.com

                                                */s/ Daniel R. Sonneborn*
                                               Daniel R. Sonneborn